**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MUHAMAD M. HALAOUI,**

                **Plaintiff,**

**v.**                                          **Case No:  6:13-cv-1839-Orl-36TBS**

**RENAISSANCE HOTEL OPERATING**
**COMPANY,**

                **Defendant.**

---

**ORDER**

      This cause comes before the Court on the Report and Recommendation of Magistrate Judge Thomas B. Smith, filed on January 13, 2014.  Doc. 18.  In the Report and Recommendation, Magistrate Judge Smith recommends that the Court deny Plaintiff Muhamad Halaoui's ("Halaoui") Motion for Leave to File An Amended Complaint and Remand of Action to State Court (Doc. 8) (the "Motion").  *Id.*  On January 21, 2014, Halaoui filed Objections to the Report and Recommendation.  *See* Doc. 19.  Defendant Renaissance Hotel Operating Company ("Renaissance") filed a response to these Objections on February 3, 2014.  Doc. 21.

      Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to . . . proposed findings and recommendations."  Once a timely objection to the Report and Recommendation is made, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507, 512 (11th Cir. 1990).  The district judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge.  Fed. R. Civ.

P. 72(b)(3).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id.*

## DISCUSSION

On September 19, 2013, Halaoui filed a complaint in state court for violations of the Florida Civil Rights Act of 1992 and Florida common law.  Doc. 2.  He alleged gender discrimination and retaliation, as well as negligent retention and supervision against who he thought what his employer, Marriott International.  *Id.*  Halaoui has always maintained that his supervisor there, Jackie Bassett, was the perpetrator but did not join her as a defendant in the state court action.  *Id.* Marriott filed its Answer and Defenses on October 16, 2013, noting that Halaoui and Ms. Bassett's true employer was Renaissance Hotel Operating Company d/b/a Renaissance Orlando at Sea World.  Doc. 4 at 1 n.1.  In its Ninth and Tenth Defenses, however, although Marriott denied that it was Halaoui and Ms. Bassett's employer, it specifically stated that, even if it were their employer, any of their illegal or discriminatory acts as employees would be outside of the scope of their employment and were not authorized or ratified by Marriott.  *Id.* at 13-14.  On November 12, 2013, a motion substituting Renaissance as the defendant was granted.  There was no change in counsel and no change in the Answer and Defenses filed.

On November 25, 2013, Renaissance removed the action to federal court on the basis of diversity of citizenship jurisdiction.  Doc. 1.  Halaoui responded by filing, on the same day, a motion to strike certain defenses, which were not the Ninth or Tenth Defenses.  Doc. 5.  On December 6, 2013, he filed the instant Motion seeking leave to amend his complaint to add Ms. Bassett as a party defendant and to remand the case to state court since adding Ms. Bassett would defeat diversity of citizenship jurisdiction.  Doc. 8.

In the Motion, Halaoui appropriately set out factors that this Court must consider in determining whether to grant his request, including whether Halaoui has been dilatory in asking for the amendment, whether Halaoui would be significantly harmed if the amendment is denied, whether the purpose of the amendment is to defeat federal jurisdiction and other equitable factors. *See Scipione v. Advance Stores Co., Inc.*, No. 8:12-cv-687-T-24-AEP, 2012 WL 3105199, *2 (M.D. Fla. July 31, 2012).

Halaoui argued that he had not been dilatory in filing the Motion even though the Answer and Defenses was filed 36 business days prior because 1) he filed a motion to strike certain defenses that was still pending, 2) the Notice of Removal was filed while Halaoui's counsel was out of town, 3) the parties had not yet had their Case Management Conference and thus there had been no Case Management and Scheduling Order issued, and 4) the parties just agreed upon the proper Defendant on November 5, 2013.  Doc. 8 at 5 and n. 5.  Halaoui next argued that he would be prejudiced by having to file a separate action in state court against Ms. Bassett based on the same facts because of the possibility of inconsistent verdicts, duplication of discovery, and the cost of litigation.  *Id.* at 6.  Halaoui also argued that the purpose of the Motion is not to defeat federal court jurisdiction and that reason for any delay in filing the Motion was due to his addressing other issues with respect to Defendant's Answer and Defenses.  *Id.* at 7. Finally, Halaoui argued that other equities weigh in favor of allowing the amendment, including the fact that all of the issues in the case involve Florida law, Renaissance will not suffer any prejudice by having to litigate in state court, as the people involved in this matter are most likely all Florida residents.  *Id.* at 7-8.

In response, Renaissance correctly stated that "[a] district court should scrutinize a motion to amend to join a nondiverse party more closely than a motion to amend under Rule 15 of the Federal Rules of Civil Procedure."  Doc. 17 at 4 (citing *Linares v. Home Depot U.S.A., Inc.*, 2012

U.S. Dist. LEXIS 58275 (S.D. Fla. 2012).  Based upon the timing of the request to amend, shortly after removal, and that Halaoui knew of the identity of the party to be joined and the facts underlying the claims when the original complaint was filed, Renaissance argued that this strongly suggests that Halaoui's request to amend is an attempt to defeat federal court jurisdiction.  *Id.* at 6.  The Magistrate Judge agreed with Renaissance that Halaoui knew about his claims against Ms. Bassett more than 2 years before the filing of his Motion, citing the factual allegations in Halaoui's EEOC Charge of Discrimination filed on October 13, 2011, and that he cited these same claims against Ms. Bassett in his state court complaint.  *Id.* at 7.  Yet, he chose not to join her as a defendant or file an individual action against her, even though, in the complaint, he acknowledged that Ms. Bassett had been terminated for engaging in harassment.  *Id.* at 7-8 (citing Complaint ¶ 29).  He also described Ms. Bassett's wrongful conduct in his response to Renaissance's First Set of Interrogatories yet still chose not to add her as a defendant.  *Id.* at 8.  Not until Renaissance removed this action to federal court did Halaoui seek to add Ms. Bassett as a defendant and add the additional claims of intentional interference with a business relationship and battery. Moreover, Renaissance correctly pointed out that Halaoui acknowledged in his Motion that "the facts that give rise to Mr. Halaoui's claim against Renaissance . . . are intertwined with the claims against Ms. Bassett and the questions of law and fact are common to both defendants."  *Id.* at 8 n. 8 (citing Complaint at 6).  Most importantly, these claims were known to Halaoui before Renaissance's Defenses were filed and none of the Defenses made Ms. Bassett a necessary party, Renaissance argues.  *Id.* at 9.

Second, Renaissance argued that Halaoui has been dilatory in filing the Motion for the same reasons Renaissance advanced with respect to defeating federal court jurisdiction.  *Id.* at 10. Third, Renaissance argued that Halaoui will not be significantly harmed by a denial of the

amendment because Renaissance is capable of satisfying a money judgment on Halaoui's claims. *Id.* at 11-12. Additionally, Renaissance argues that it is unlikely Halaoui will establish a claim of intentional interference with a business relationship against Ms. Bassett because of her at-will employment status. *Id.* at 13. Finally, Renaissance argued that the equities do not favor Halaoui should he have to litigate his claims in state court for the same reasons as those expressed in relation to defeating federal jurisdiction. *Id.* On the contrary, Renaissance argued, the equities tip in its favor as it is in diverse defendants' interests to litigate in a federal forum and Halaoui's competing interest in maintaining its chosen forum is trumped by the removal statutes. *Id.* at 14-15.

The Magistrate Judge recommends denying Halaoui's motion, determining that 1) Halaoui was dilatory in filing it as it was filed 51 calendar days (or 35 business days) after Renaissance answered the complaint and he had more than enough time to file it prior to such time, 2) the timing of Halaoui's filing was suspect as it was done shortly after removal and given the fact that he named Ms. Bassett as his harasser 2 years ago in his EEOC Charge, 3) Halaoui's claim that he wants to add Ms. Bassett to counteract Renaissance's defenses is disingenuous as the defenses are not unique, Ms. Bassett's action forms the basis of his claims, and he has not provided a valid explanation as to why he did not add her at the outset of the case, 4) it is unlikely that Halaoui will be prejudiced by not being able to add Ms. Bassett as he can obtain a judgment against Renaissance without Ms. Bassett and he can sue her in state court, 5) Halaoui's stated equities in his favor do not outweigh Renaissance's right to choose between a state or federal forum. Doc. 18 at 3-6. Halaoui objected to the Report and Recommendation arguing that he was not dilatory, the filing of his motion shortly after removal is not suspect, he will be prejudiced if the Court does not allow his amendment, and the equities do not tip in Renaissance's favor. Doc. 19 at 2.

Halaoui argues that he has been diligent in addressing other issues in this case, but fails to explain why it took him more than 2 years to attempt to add Ms. Bassett as a defendant when he was aware of his claims against her even before that time. Halaoui's objections merely rehash the arguments made in his Motion, were rejected by the Magistrate Judge, and are also not persuasive before this Court. Furthermore, Halaoui's argument that the timing of his Motion was not suspect focuses on the filing of Renaissance's Answer and Defenses as the trigger for him to add Ms. Bassett. However, as explained above, this does not excuse the fact that he had knowledge for more than 2 years that Ms. Bassett was the sole perpetrator of the alleged harassment and is, furthermore, rejected for the same reasons as advanced by the Magistrate Judge. Additionally, Halaoui's argument, again, that he will suffer prejudice if he has to file a separate action in state court is unavailing for the same reasons as stated by the Magistrate Judge. Finally, Halaoui again rehashes the same arguments as those advanced in his Motion for why the equities weigh in his favor. On this point as well, the Court agrees with the Magistrate Judge.

Therefore, after careful consideration of the Report and Recommendation, in conjunction with an independent examination of the court file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED** as follows:

1.  The Report and Recommendation of the Magistrate Judge (Doc. 18) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

2.  Plaintiff Muhamad Halaoui's Motion for Leave to File An Amended Complaint and Remand of Action to State Court (Doc. 8) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 18, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge Thomas B. Smith