UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MUHAMAD M. HALAOUI,

    Plaintiff,

v.                                    Case No.  6:13-cv-1839-Orl-40TBS

RENAISSANCE HOTEL OPERATING
COMPANY d/b/a RENAISSANCE ORLANDO
AT SEA WORLD,

    Defendant.
_____/

ORDER

This case comes before the Court on Defendant's Motion to Strike Plaintiff's Rebuttal Expert Witness and Report.  (Doc. 55).  Plaintiff has filed a response in opposition to the motion.  (Doc. 58).

The original deadlines for the parties to disclose their expert witness reports were July 3, 2014 for Plaintiff and August 1, 2014 for Defendant.  (Doc. 22 at 1).  Plaintiff disclosed his expert report on July 3, 2014.  (Doc. 38 at 3).  Defendant subsequently requested and was granted an extension of time to make its expert witness disclosure.  (Doc. 38).  Later, the parties filed a Joint Motion to Extend Expert Discovery Deadline to November 3, 2014.  (Doc. 39).  In their joint motion the parties said they had "actively discussed the necessary expert discovery," and that they "need[ed] an extra 31 days, up to and including November 3, 2014 ... to complete the necessary expert discovery."  (Doc. 39, ¶ 4).  In its Order granting the motion the Court said: "The parties shall have through November 3, 2014 to complete expert

witness discovery." (Doc. 40). The case is set for trial during the Court's trial term beginning April 6, 2015. (Doc. 22 at 2).

Defendant timely disclosed its expert witness report on October 7, 2014. (Doc 55 at 1). On November 5, 2014, Plaintiff disclosed a rebuttal expert and rebuttal expert witness report.[1] (Doc. 55 at 4). Although Defendant had known by August 11, 2014 at the latest that Plaintiff was contemplating the use of rebuttal expert witness testimony, it argues that Plaintiff's rebuttal expert and his report should be stricken because the disclosure was made two days after expert discovery closed. (Doc. 32 at 6 and Doc. 55). Plaintiff argues that his rebuttal disclosure was made timely in conformity with FED. R. CIV. P. 26(a)(2)(D)(ii) which provides that parties must make their expert witness disclosures:

> ... at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
>
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

FED. R. CIV. P. 26(a)(2)(D)(ii).

Citing Teledyne Instruments, Inc. v. Cairns, No. 6:12-cv-854-Orl-28TBS, 2013 WL 5781274 (M.D. Fla. Oct. 25, 2013), and McMahon v. Presidential Airways, Inc., No. 6:05-cv-1002-Orl-28GJK, 2009 WL 2151316 (M.D. Fla. July 14, 2009), Plaintiff

---

[1] Although the rebuttal report is dated October 31, 2014, Plaintiff did not receive it until 11:13 p.m. on November 3, 2014. (Doc. 58 at 4).

argues that, because the Case Management and Scheduling Order ("CMSO") governing the case is silent on the matter of rebuttal experts and their reports, rebuttal reports must be submitted within the period provided in Rule 26(a)(2)(D)(ii).  (Doc. 22). Teledyne and McMahon held that deadlines for disclosure of each party's expert report does not "provide otherwise" to Rule 26(a)(2)(D)(ii)'s 30-day deadline for expert rebuttal reports.  Teledyne, 2013 WL 5781274, at *17; McMahon, 2009 WL 2151316, at *1.  Applied here, Teledyne and McMahon support Plaintiff's argument that the July 3, 2014 deadline for disclosure of his expert reports does not prevent him from serving a rebuttal expert report in the time provided by Rule 26(a)(2)(D)(ii).

But, Teledyne and McMahon did not address the question presented by this case, namely, whether a general discovery deadline or expert discovery deadline "provides otherwise" to Rule 26(a)(2)(D).  The CMSO set a deadline of October 3, 2014 for all discovery.  The Court later modified the discovery deadline by extending it "to complete expert witness discovery" to November 3, 2014.  (Doc. 40).  When it read the parties' joint motion requesting this extension, the Court understood that they intended to complete all expert witness discovery, including disclosure of any rebuttal reports, by November 3, 2014, and that any discovery served after this deadline would be untimely.  Other courts have held that general discovery deadlines displace Rule 26(a)(2)(D), so that any rebuttal expert report must be served before the deadline, even if Rule 26(a)(2)(D)(ii) would allow more time.  See, e.g., Millenium Expressions, Inc. v. Chauss Marketing, Ltd., No. 02Civ.7545, 2006 WL 288353, at *2 (S.D.N.Y. Feb. 6, 2006).  More have assumed as much.  See, e.g., Teledyne, 2013 WL

5781274, at *13 ("Teledyne's untimely expert reports were submitted more than a month before the discovery deadline, giving Defendants more than enough time to take depositions and designate rebuttal experts, if any were needed." (citing OFS Fitel, LLC v. Epstein, Becker & Green, P.C., 549 F.3d 1332, 1363-64 (11th Cir. 2008))); Mobile Shelter Systems USA, Inc. v. Grate Pallet Solutions, LLC, 845 F. Supp. 2d 1241, 1251 (M.D. Fla. 2012) ("As a result of [Plaintiff's disclosure of a supplemental expert report] on the final day of discovery, Defendants were not able to offer their own rebuttal expert prior to the close of discovery."). For these reasons the Court finds that Plaintiff's expert witness Patrick W. Gorman, Psy.D., ABPP and his report dated October 31, 2014 were not timely disclosed to Defendant.

If a party fails to make a disclosure within the time for doing so, that party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  FED. R. CIV. P. 37(c)(1); Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc., 389 F.3d 1339, 1348-49 (11th Cir. 2004).  The burden of showing substantial justification or harmlessness is on the party that failed to timely disclose the information.  Torres v. City of Los Angeles, 548 F.3d 1197, 1213 (9th Cir. 2008); Roberts ex rel. Johnson v. Galen of Virginia, Inc., 325 F.3d 776, 892 (6th Cir. 2003); Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 21 (1st Cir. 2001); Heidtman v. County of El Paso, 171 F.3d 1038, 1040 (5th Cir.1999).  Plaintiff has not argued that the untimely disclosure of his rebuttal expert and expert's report were substantially justified or harmless.  Because the issue has not been briefed, the Court declines to find either substantial

justification or harmlessness.  Therefore, pursuant to Rule 37(c)(1), the report of Plaintiff's rebuttal expert witness Dr. Gorman is STRICKEN.  Plaintiff is not allowed to use Dr. Gorman or his report to supply evidence on a motion, at a hearing, or at trial in this case.

DONE AND ORDERED in Orlando, Florida, on December 2, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel